**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Jamin Xu (SBN 320991)
jxu@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN L. DAVILA as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>OMNIMAX INTERNATIONAL, U.S.A., INC., a California Corporation; EURAMAX INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 100,<br><br>    Defendants. | CASE NO. 5:18-CV-02069-AB-SP<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 510, 558, 1194, 1198);**<br><br>**(2) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**<br><br>**(3) UNLAWFUL DEDUCTIONS FROM WAGES (LABOR CODE §§ 221-223);**<br><br>**(4) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(5) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>**(6) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**<br><br>**(7) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*); and** |

**(8) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*)**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Juan Davila (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, hereby brings this First Amended Class and Representative Action Complaint ("Complaint") against Defendants Omnimax International, Inc. ("Omnimax"), a California Corporation; Euramax International, Inc., a Delaware Corporation ("Euramax"); and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.    Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 *et. seq.*, Labor Code §§ 221-223, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and Industrial Welfare Commission Wage Order 1 ("Wage Order 1"), in addition to seeking declaratory relief and restitution.

2.    This Complaint is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of this Court and will be established according to proof at trial.

3.    This Court has jurisdiction over Defendants violations under the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1446, and 1453.

## VENUE

4.    Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

5.  Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years

immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 221-223, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, and 1198, California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law"), and Wage Order 1, which sets employment standards for the manufacturing industry.

6.    Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business manufacturing building and transportation products, and employed Plaintiff and other, similarly-situated non-exempt employees within Riverside County and the state of California and, therefore, were (and are) doing business in Riverside County and the State of California.

7.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 20) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8.    Plaintiff is informed, and believes, and thereon alleges, that at all times

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

9.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## **GENERAL FACTUAL ALLEGATIONS**

11.    Plaintiff is employed by Defendants as a non-exempt employee as a "Machine Operator." Plaintiff was hired in 2004 and has been on disability leave since February 27, 2018.

12.    During Plaintiff's employment with Defendants, Plaintiff was scheduled to work Monday through Friday, from approximately 5:00 a.m. to 1:30 p.m., although Plaintiff often worked outside of these hours.

13.    Plaintiff was not provided all legally required meal periods due to Defendants' meal period policies/practices which fail to provide a legally compliant meal period of at least 30-minutes commencing before the conclusion of the fifth hour of work.  Nor do Defendants' meal period policies/practices provide for a second meal period for shifts over 10.0 hours.  Specifically, upon information and

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

belief, Defendants' daily practice was to ring a bell signaling the start of Plaintiff and other non-exempt employees' meal period at 10:00 a.m. Plaintiff and other non-exempt employees were not allowed to leave their work stations until 10:00 a.m. when the bell rang, and were required to begin walking back to their assigned work stations when the bell signaling the end of the meal period rang at approximately 10:27 a.m., as they were required to be back at their work stations by 10:30 a.m. As a result of Defendants' meal period policies/practices, Plaintiff and other non-exempt employees' meal periods were often "short," as they were often not provided full 30-minute meal periods. Furthermore, Plaintiff and other non-exempt employees routinely clocked in and began performing work before 5:00 a.m., but were not provided a timely first meal period commencing before the end of the fifth hour of work given that the meal period did not commence until 10:00 a.m. Unless Plaintiff was leaving the Defendants' facilities for work, Plaintiff did not clock out for lunch and Defendants automatically deducted 30 minutes from Plaintiff's hours worked.  This deduction was automatic and did not depend on whether Plaintiff received a full 30-minute meal period.  Further, when Plaintiff worked shifts over 10.0 hours, he was not provided a second 30-minute meal period due to Defendants' meal period policies/practices. On those occasions when Plaintiff was not provided with all legally-compliant meal periods to which he was entitled, Defendants failed to compensate Plaintiff with the required meal period premium for each workday in which he experienced a meal period violation as mandated by Labor Code § 226.7. Further, upon information and belief during at least a portion of the class period, Defendants maintained no payroll code or other mechanism for the payment of meal period premium payments under Labor Code § 226.7 in the event that a legally compliant meal period was not provided to their non-exempt employees.

14.    Plaintiff and other non-exempt employees were not authorized and permitted to take all legally compliant rest periods.  Defendants had a bell schedule

that would ring at approximately 8:00 a.m. to signal the beginning of a rest period, and again at approximately 12:30 p.m. to signal the beginning of the second rest period. However, there was no bell to signal the end of the rest period, and employees were expected to return to their work station prior to the conclusion of a "net" ten minutes of rest. Moreover, upon information and belief, there was no bell to signal the beginning of a third rest period when employees worked shifts in excess of 10.0 hours, and Plaintiff and other non-exempt employees were routinely not authorized and permitted to take a third rest period for shifts in excess of 10.0 hours. On those occasions when Plaintiff was not authorized and permitted to take all legally-compliant rest periods to which he was entitled, Defendants failed to compensate Plaintiff with the required rest period premium for each workday in which he experienced a rest period violation as mandated by Labor Code § 226.7. Further, upon information and belief during at least a portion of the class period, Defendants maintained no payroll code or other mechanism for the payment of rest period premium payments under Labor Code § 226.7 in the event that a legally compliant rest period was not provided to their non-exempt employees.

15. Plaintiff was not authorized and permitted to take all required meal and rest periods due to Defendants' meal and rest period policies/practices, which upon information and belief, failed to authorize and permit employees to be completely relieved of employer control during meal and rest periods. Specifically, Defendants' meal and rest period policies/practices required Plaintiff and non-exempt employees to remain on Defendants' premises during meal and rest periods, unless they were expressly granted permission to leave the premises during these off-duty non-working periods. In particular, Defendants' Hourly Employee Manual explicitly states that employees must remain on premises for all rest periods. Further, Defendants have, on at least two separate occasions, verbally informed Plaintiff and/or other non-exempt employees that they are required to receive

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Defendants' permission to leave the premises during meal and/or rest periods. As a result, Defendants' meal and rest period policies/practices are in violation of *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257, 260 (2016) ("[D]uring required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time.").

16.    During Plaintiff's employment, Plaintiff and other non-exempt employees were required to clock in and out for periods of work, and although Defendants recorded Plaintiff's hours worked to the minute, Defendants only paid Plaintiff in quarter of an hour increments. Defendants' rounding of time to the quarter of an hour was not even-handed, and has resulted in Plaintiff and putative class members not being compensated for all hours worked.

17.    During Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of 8 hours per workday and/or more than 40 hours per workweek but did not receive overtime compensation equal to one and one-half times his regular rate of pay for working overtime hours.    Specifically, Defendants paid Plaintiff non-discretionary bonuses and paid other forms of non-discretionary pay that are not excludable from the regular rate of pay (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").    Defendants failed to accurately calculate Plaintiff's regular rate of pay as a result of receiving Incentive Pay, as Plaintiff was only paid one-and-a-half times his base rate of pay, thereby causing Plaintiff to be underpaid all his required overtime wages

18.    During at least a portion of the class period, Defendants made unlawful deductions from Plaintiff's pay. Defendants were not required or empowered by state or federal law to withhold amounts from Plaintiff's pay, nor were Defendants expressly authorized to do so in writing by Plaintiff to recover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages or a collective bargaining agreement. Further, upon information

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

and belief during at least a portion of the class period, Defendants were not permitted to deduct Plaintiff's pay under Labor Code Sections §§ 221 and 224 but nonetheless, Defendants deducted a "Tobacco Premium" and a "Misc Deduction" from Plaintiff's pay.

19.    As a result of Defendants' failure to pay meal and rest period premium wages, and unlawful deductions from wages, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff.  Additionally, the wage statements issued to Plaintiff and non-exempt employees failed to list the correct entity and address of the legal entity that is the employer.

## CLASS ACTION ALLEGATIONS

20.    **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

a.    The <u>Overtime Class</u> consists of all Defendants' current and former non-exempt employees in California who: (i) had their timekeeping hours rounded; and/or (ii) worked more than eight hours per day and/or forty hours per week and received Incentive Pay during a corresponding time period, and/or (iii) had 30 minutes of time automatically deducted from their timekeeping records for a purported meal period, during the four years immediately preceding the filing of the Complaint through the present.

b.    The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who: (i) had their timekeeping entries rounded, and/or (ii) had 30 minutes of time automatically deducted from their timekeeping records for a purported meal period, during the four years immediately preceding the filing of the Complaint through the present.

c.    The <u>Meal Period Class</u> consists of all Defendants' current and former

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

non-exempt employees in California who: (i) worked at least one shift in excess of 5.0 hours, and/or (iii) worked at least one shift in excess of 10.0 hours, during the four years immediately preceding the filing of the Complaint through the present.

    d.   The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present.

    e.   The <u>Unlawful Deductions Class</u> consists of all Defendants' current and former non-exempt employees in California who: (i) were subjected to Defendants' policies/practices of deducting a "Tobacco Premium" from its non-exempt employees' timekeeping/payroll records; and/or (ii) were subjected to Defendants' policies/practices of deducting a "Misc Deduction" from its non-exempt employees' timekeeping/payroll records, at any time during the four years immediately preceding the filing of the Complaint through the present.

    f.   The <u>Wage Statement Class</u> consists of all members of the Overtime Class, Minimum Wage Class, Meal Period Class and/or Rest Period Class who received a wage statement, during the one year immediately preceding the filing of the Complaint through the present.

21.   **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes and Subclasses are unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number greater than fifty (50) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

22.   **Common Questions of Law and Fact Predominate/Well Defined**

**Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    i.    Whether Defendants violated the applicable Labor Code provisions, including, but not limited to §§ 510 and 1194, by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

    ii.    Whether Defendants provided all legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

    iii.    Whether Defendants authorized and permitted all legally compliant rest periods to members of the Rest Period Class;

    iv.    Whether Defendants provided meal or rest period premium payments for non-compliant meal and/or rest periods;

    v.    Whether Defendants' practice of making deductions to wages of members of the Unlawful Deductions Class based on a "Tobacco Premium" and/or a "Misc. Deduction" constitute unlawful deductions under California law;

    vi.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and

23.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform meal and rest period policies/practices. As such, the common questions predominate over individual questions concerning

each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

24.  **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not provided all required meal periods, was not authorized and permitted to take all required rest periods, and did not receive meal and rest period premium wages for missed or non-compliant meal and rest periods.

25.  **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

26.  **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources

of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 20 are maintainable as a Class under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME WAGES
### (AGAINST ALL DEFENDANTS)

27.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

28.    This cause of action is brought pursuant to Labor Code §§ 510, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

29.   At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 1.  Wage Order 1, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 1, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek.  Defendants caused Plaintiff to work overtime and hours, but did not credit Plaintiff or members of the Overtime Pay Class with all overtime hours actually worked, and did not compensate Plaintiff or members of the Overtime Pay Class at one and one-half times their regular rate of pay for such hours.

30.   The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the Overtime Class Members in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 210, 216, 510, 1194, and 1198; and Code of Civil Procedure § 1021.5

## SECOND CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

31.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

32.   Wage Order No. 1, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197

may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours actually worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 1.

33.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits.  California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

34.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 1.

35.    Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to California Labor Code §§ 558, 1194 et seq., 1197, 1198, and Code of Civil Procedure § 1021.5.

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## THIRD CAUSE OF ACTION

## UNLAWFUL DEDUCTION FROM WAGES

## (AGAINST ALL DEFENDANTS)

36.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

37.     As alleged above, on an occasion when Defendant deducted Plaintiff's pay for a "Tobacco Premium" and/or a "Misc. Deduction," Defendants compensated Plaintiff at a lower rate of pay than Plaintiff's regular rate of pay, and as a result of automatically deducting an hour of pay from Plaintiff's wages when she did not clock-out for a meal period.  Defendants failed to pay all wages owed to Plaintiff and members of the Unlawful Deductions Class in violation of Labor Code §§221-223., which prohibit, among other things, deductions from wages except in certain enumerated circumstances not applicable here.

38.     Defendants' failure to pay all earned wages is unlawful and creates an entitlement to recovery by Plaintiff and the members of the Unlawful Deductions Class for unpaid wages, interest on said wages, and attorneys' fees pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

39.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 1, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the

Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 210, 226.7, and 512.

41.    As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 1, including interest thereon, statutory penalties, civil penalties, and costs of suit.

### FIFTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

42.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43.    Wage Order 1, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

44.    As alleged herein, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods.

45.    The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

### SIXTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

46.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate wage statements with respect to their actual regular hours worked, total gross wages earned, all rates of pay, and total net wages earned, in violation of Labor Code § 226 *et seq*.

48.     Defendants' failures in furnishing Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all meal and rest period premium wages, the unlawful deduction of pay, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

49.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq*., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## SEVENTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

50.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

51.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to provide all required meal and rest periods or pay premium payments for non-compliant meal and rest periods.

52.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

53.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

54.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

55.    Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

**EIGHTH CAUSE OF ACTION**

**PRIVATE ATTORNEYS GENERAL ACT**

**(AGAINST ALL DEFENDANTS)**

56.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

57.    Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other aggrieved employees.  Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq*., and acting on behalf of himself and other similarly aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to

Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 558 and § 2699 including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period, plus an amount sufficient to recover the unpaid wages owed to each aggrieved employee; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (5) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations:

    a. Failing to pay Plaintiff, the Minimum Wage Class, and other aggrieved employees at least the statutory minimum wage for all hours worked, in violation of Labor Code §§ 558, 1182.12, 1194, 1194.2, 1197, and 1198;

    b. Failing to pay Plaintiff, the Overtime Class, and other aggrieved employees all earned overtime compensation in violation of Labor Code §§ 510, 558, 1194, and 1198;

    c. Failing to pay Plaintiff, the Unlawful Deductions Class, and other aggrieved employees all wages owed at the agreed-upon rate, in violation of Labor Code §§ 221, 222, 223, and 558;

    d. Failing to provide Plaintiff, the Meal Period Class, and other aggrieved employees with their statutorily mandated meal periods

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

and failing to pay meal period premiums in violation of Labor Code §§ 226.7, 512, 558, and 1198;

e. Failing to authorize and permit Plaintiff, the Rest Period Class, and other aggrieved employees from taking their statutorily mandated rest periods and failing to pay rest period premiums in violation of Labor Code §§ 226.7, 516, 558, and 1198;

f. Failing to furnish Plaintiff, the Wage Statement Class, and other aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226; and

Failing to maintain accurate records on behalf of Plaintiff and other aggrieved employees in violation of Labor Code §§ 558 and 1174.

58. On July 11, 2018, Plaintiff notified Defendants via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to violations of the California Labor Code identified in Paragraph 57 (a)-(g). Now that sixty-five days have passed from Plaintiff's notifying Defendants of these violations, Plaintiff has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

59. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on

whose behalf this suit is brought against Defendants, as follows:

1.      For an order certifying the proposed Classes;

2.      For an order appointing Plaintiff as representative of the Classes;

3.      For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.      Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 510, 1194, and 1198;

5.      Upon the Second Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 558, 1182.12, 1194, 1194.2 and 1197;

6.      Upon the Third Cause of Action, for recovery of unpaid wages pursuant to Labor Code §§ 221–223;

7.      Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512 and 558;

8.      Upon the Fifth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

9.      Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11.     Upon the Eighth Cause of Action, for civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 including, but not limited to: (1) $100.00 for each initial

violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period, plus an amount sufficient to recover the unpaid wages owed to each aggrieved employee; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (5) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided;

12.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194, 2699(g), and Code of Civil Procedure § 1021.5; and

14.    For such other and further relief, the Court may deem just and proper.

Dated: March 21, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorneys for Plaintiff

///
///
///
///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: March 21, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____

Paul K. Haines
Attorneys for Plaintiff

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT